**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

NATURAL EXTRACTION SYSTEMS, LLC

Plaintiff,

v.

GREEN THUMB INDUSTRIES INC., GTI FLORIDA, LLC, and KSGNF, LLC,

Defendants.

Case No. 1:26-cv-20190-MD

**JURY TRIAL DEMANDED**

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendants Green Thumb Industries Inc. ("GTI"), GTI Florida, LLC ("GTI Florida"), and KSGNF, LLC (or "KSGNF III") (collectively, "Defendants"), by and through undersigned counsel, hereby submit this Answer in response to the Complaint (Dkt. No. 1) filed by Plaintiff Natural Extraction Systems, LLC ("NES" or "Plaintiff") as follows. Except as expressly admitted, Defendants deny each and every allegation of the Complaint.

**NATURE OF THE ACTION[1]**

1. Defendants admit that Plaintiff purports to assert claims for patent infringement involving U.S. Patent Nos. 10,669,248, 11,643,402, 12,297,181, and 12,420,214 (collectively, "Asserted Patents"). Defendants deny that Defendants have infringed any valid and enforceable claim of the Asserted Patents and deny the remaining allegations.

---

[1] Defendants' reproduction of the headings set forth in the Complaint is solely for the purpose of convenience and is not, and should not be construed as, an admission by Defendants that any allegation or other statement in the headings or paragraphs of the Complaint, whether explicit or implied, is true, correct, or admitted, by Defendants.

2.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and therefore deny them.

3.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and therefore deny them.

4.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and therefore deny them.

5.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and therefore deny them.

6.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and therefore deny them.

7.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and therefore deny them.

8.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and therefore deny them.

9.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and therefore deny them.

10.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and therefore deny them.

11.     Defendants admit that GTI's SEC filings, including the 2024 Form 10-K, speak for themselves. Defendants deny any characterization inconsistent with the text of Ex. Z and deny the remaining allegations in Paragraph 11.

12.     Defendants admit that GTI owns GTI23, Inc. ("GTI23") and its subsidiary VCP 23, LLC ("VCP"). Defendants admit that the referenced SEC filings and listing statement speak for

themselves regarding GTI's corporate formation history. Defendants deny any characterizations or allegations inconsistent with those documents. Defendants deny any characterization inconsistent with the text of Ex. Z and Ex. AA and deny the remaining allegations in Paragraph 12.

13. Defendants admit that the Listing Statement (Ex. AA) speaks for itself. Defendants deny any characterizations inconsistent with that document.

14. Defendants admit that the Listing Statement (Ex. AA) speaks for itself. Defendants deny any characterizations inconsistent with that document.

15. Defendants admit that GTI owns GTI23 and its subsidiary VCP, that VCP owns GTI Core, LLC, that GTI Core, LLC owns GTI Florida, and that GTI Florida owns KSGNF III. Defendants admit that GTI's SEC filings describe its corporate subsidiary structure and that those documents speak for themselves. Defendants deny any characterization inconsistent with the text of Ex. Z and AA and deny the remaining allegations in Paragraph 15.

16. Defendants admit that GTI Florida acquired KSGNF III in November 2018, such that GTI gained control of the MMTC license and the property at 35701 SW 202nd Ave., Homestead, Florida 33034 (the "Homestead Facility"). Defendants note that the Complaint misidentifies this address as "36701 SW 202nd Ave." The Homestead Facility is correctly identified as 35701 SW 202nd Ave. per Ex. AE and GTI's public filings. Defendants deny any characterization inconsistent with the text of Ex. AA, Ex. AE, and Ex. Z and deny the remaining allegations in Paragraph 16.

17. Defendants admit that the MMTC license grants KSGNF, LLC d/b/a GTI Florida, LLC the right to cultivate, harvest, process, sell, dispense, and deliver medical cannabis products in Florida.

18. Defendants admit that GTI subsidiaries VCP IP Holdings, LLC ("VCP IP") and Vision Management Services, LLC own trademarks including RISE, &Shine, and RYTHM and slogans such as "Cannabis is a Freedom" as stated in Ex. AR, Ex. BC, and Ex. Q. Defendants deny any characterization inconsistent with the text of Ex. AR, Ex. BC, and Ex. Q and deny the remaining allegations in Paragraph 18.

19. Defendants admit that GTI owns GTI23 and its subsidiary VCP, and that VCP previously owned VCP IP. Defendants deny any characterization inconsistent with the text of Ex. Z and deny the remaining allegations in Paragraph 19.

20. Defendants admit that VCP sold VCP IP to Agrify Corporation, and that Agrify Corporation changed its name to RYTHM, Inc. ("RYTHM"). Defendants deny any characterization inconsistent with the text of Ex. AB and Ex. AC and deny the remaining allegations in Paragraph 20.

21. Defendants admit that GTI, via its subsidiary GTI Core, licenses from VCP IP the trademarks for some or all of Defendants' cannabis products marketed and sold in Florida, as stated in Ex. AB, Ex. AC, Ex. BD. Defendants deny any characterization inconsistent with the text of Ex. AB, Ex. AC, Ex. BD and deny the remaining allegations in Paragraph 21.

22. Defendants admit that GTI owns and controls KSGNF III. Defendants deny the remaining allegations in Paragraph 22.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24. Defendants admit that GTI has reported over $1 billion in revenue per year from 2022 through 2025 (as stated in GTI's public securities filings), including Ex. Z. Defendants deny

any characterization inconsistent with the text of Ex. Z and deny the remaining allegations in Paragraph 24.

25. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and therefore deny them.

26. Defendants admit that they do not license any intellectual property owned by NES.

27. Defendants deny the allegations in Paragraph 27.

28. Defendants deny the allegations in Paragraph 28.

29. Defendants deny the allegations in Paragraph 29.

30. Defendants deny the allegations in Paragraph 30.

31. Defendants deny the allegations in Paragraph 31.

## THE PARTIES

32. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and therefore deny them.

33. Defendants admit that KSGNF, LLC (or "KSGNF III") is a Florida limited liability company with a listed principal address at 325 W. Huron St., Suite 700, Chicago, Illinois 60654, and a registered agent at 1200 S Pine Island Rd, Suite 300, Plantation, Florida 33324. Defendants deny the remaining allegations in Paragraph 33.

34. Defendants admit that KSGNF III owns property at 35701 SW 202nd Ave., Homestead, Florida 33034 (the "Homestead Facility") and operates 22 RISE-branded dispensaries in Florida, including a dispensary in Hallandale Beach, Florida and a dispensary in Miami, Florida. Defendants deny the remaining allegations in Paragraph 34.

35. Defendants admit that GTI Florida, LLC is a Florida limited liability company having a principal place of business at 325 W. Huron St., Suite 700, Chicago, Illinois 60654, and

a registered agent at 1200 S Pine Island Rd, Suite 300, Plantation, Florida 33324. Defendants deny the remaining allegations in Paragraph 35.

36.     Defendants admit that GTI is organized under the laws of British Columbia, Canada, having a principal place of business at 325 W. Huron St., Suite 700, Chicago, Illinois 60654 as reported in its public filings. Defendants deny the remaining allegations in Paragraph 36.

37.     Defendants admit that the website "investors.gtigrows.com" contains the quoted statement. The referenced materials speak for themselves. Defendants deny any characterization inconsistent with the text of the website and deny the remaining allegations in Paragraph 37.

38.     Defendants admit that KSGNF III is a wholly-owned subsidiary of GTI Florida. Defendants deny any characterization inconsistent with the text of Ex. Z and deny the remaining allegations in Paragraph 38.

39.     Defendants admit that GTI Florida is a wholly-owned subsidiary of GTI Core, LLC. Defendants deny any characterization inconsistent with the text of Ex. AA and deny the remaining allegations in Paragraph 39.

40.     Defendants admit that GTI Core, LLC is a wholly-owned subsidiary of VCP. Defendants deny any characterization inconsistent with the text of Ex. AA and deny the remaining allegations in Paragraph 40.

41.     Defendants admit that GTI is the parent entity of KSGNF III, GTI Florida, GTI Core, LLC, and VCP. Defendants deny any characterization inconsistent with the text of Ex. Z and Ex. AA and deny the remaining allegations in Paragraph 41.

42.     Defendants admit that GTI Florida develops, produces, offers for sale, and/or sells cannabis products in the State of Florida. Defendants deny any characterization inconsistent with the text of Ex. Z and deny the remaining allegations in Paragraph 42.

43. Defendants admit that GTI is the parent entity of KSGNF III and GTI Florida. Defendants deny the remaining allegations in Paragraph 43.

44. Defendants admit that GTI Florida develops, produces, offers for sale, and/or sells cannabis products in the State of Florida. Defendants deny the remaining allegations in Paragraph 44.

45. Defendants admit that GTI Florida and KSGNF III manufacture and sell cannabis products in Florida under several brands including RYTHM, Dogwalkers, Good Green, Beboe, Doctor Solomon's, and &Shine. Defendants deny any characterization inconsistent with the text of Ex. G and deny the remaining allegations in Paragraph 45.

## **JURISDICTION AND VENUE**

46. Defendants admit that Paragraph 46 purports to incorporate prior allegations. No response is required. To the extent a response is deemed required, Defendants deny any incorporated allegations not expressly admitted herein.

47. Defendants admit that the Complaint purports to assert claims under the patent laws of the United States, including 35 U.S.C. § 271. Defendants deny that they have infringed any valid and enforceable patent claim and deny the remaining allegations in Paragraph 47.

48. Defendants admit that this Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338. Defendants deny the remaining allegations in Paragraph 48.

49. For purposes of this action only, Defendants do not object to this Court exercising personal jurisdiction over Defendants. Defendants deny all remaining allegations in paragraph 49.

50. For purposes of this action only, Defendants do not object to this Court exercising personal jurisdiction over Defendants. Defendants deny all remaining allegations in paragraph 50.

51.     For purposes of this action only, Defendants do not object to this Court exercising personal jurisdiction over KSGNF III. Defendants deny the remaining allegations in Paragraph 51.

52.     Defendants admit that KSGNF III maintains places of business in Florida, at which it has numerous employees and cultivates marijuana, processes cannabis, including at a processing facility situated at 5345 NW 44th Ave., Ocala, Florida 34482 (the "Ocala Facility"), and also sells retail products in 22 RISE-branded dispensaries in Florida under the referenced MMTC license, including at the "RISE Dispensary Hallandale Beach," the "RISE Deerfield Beach" dispensary, and the "RISE Dispensary Kendall." Defendants deny the remaining allegations in Paragraph 52.

53.     Defendants deny the allegations in Paragraph 53.

54.     For purposes of this action only, Defendants admit that venue is proper in this District under 28 U.S.C. § 1400 as to KSGNF III. Defendants deny that venue in this District is convenient or in the interest of justice under 28 U.S.C. § 1404 as to KSGNF III. Defendants deny all allegations of patent infringement as well as any remaining allegations in paragraph 54.

55.     Defendants admit that KSGNF III has a registered agent for service of process in Florida located at 1200 S Pine Island Rd, Suite 300, Plantation, Florida 33324. Defendants deny the remaining allegations in Paragraph 55.

56.     Defendants admit KSGNF, LLC d/b/a GTI Florida, LLC holds and operates a Florida MMTC license. Defendants deny the remaining allegations in Paragraph 56.

57.     Defendants admit KSGNF, LLC d/b/a GTI Florida, LLC holds and operates a Florida MMTC license. Defendants deny any characterization inconsistent with the text of Ex. AG and Ex. Z and deny the remaining allegations in Paragraph 57.

58. Defendants admit that KSGNF III is a subsidiary of GTI Florida. Defendants deny that KSGNF III is an alter ego of GTI Florida. Defendants deny the remaining allegations in Paragraph 58.

59. Defendants admit KSGNF, LLC d/b/a GTI Florida, LLC holds and operates a Florida MMTC license. Defendants deny the remaining allegations in Paragraph 59.

60. Defendants admit that Ex. AH contains the quoted statement. The exhibit speaks for itself. Defendants deny any characterization inconsistent with the text of Ex. AH and deny the remaining allegations in Paragraph 60.

61. Defendants admit that GTI Florida and KSGNF III lease or own real property in Florida and that Defendants operate RISE-branded dispensaries in Florida. Defendants deny any characterization inconsistent with the text of Ex. AI, Ex. AJ, Ex. F, Ex. H, Ex. I, Ex. J, Ex. K, Ex. L, Ex. W, Ex. X and deny the remaining allegations in Paragraph 61.

62. For purposes of this action only, Defendants do not object to this Court exercising personal jurisdiction over GTI Florida. Defendants deny all remaining allegations in paragraph 62.

63. For purposes of this action only, Defendants do not object to this Court exercising personal jurisdiction over GTI Florida. Defendants deny all remaining allegations in paragraph 63.

64. For purposes of this action only, Defendants do not object to this Court exercising personal jurisdiction over GTI Florida. Defendants deny any characterization inconsistent with the text of Ex. H, Ex. I, Ex. J, Ex. K, Ex. L, Ex. W, and Ex. X and deny the remaining allegations in Paragraph 64.

65. For purposes of this action only, Defendants do not object to this Court exercising personal jurisdiction over GTI Florida. Defendants deny all allegations of patent infringement as well as any remaining allegations in paragraph 65.

66.     For purposes of this action only, Defendants admit that venue is proper in this District under 28 U.S.C. § 1400 as to GTI Florida. Defendants deny that venue in this District is convenient or in the interest of justice under 28 U.S.C. § 1404 as to GTI Florida. Defendants deny all allegations of patent infringement as well as any remaining allegations in paragraph 66.

67.     Defendants admit that KSGNF III has a registered agent for service of process in Florida located at 1200 S Pine Island Rd, Suite 300, Plantation, Florida 33324. Defendants deny the remaining allegations in Paragraph 67.

68.     Defendants admit that KSGNF III and GTI Florida are subsidiaries of GTI. Defendants deny that KSGNF III and GTI Florida are alter egos of GTI. Defendants deny the remaining allegations in Paragraph 68.

69.     Defendants deny the allegations in Paragraph 69.

70.     For purposes of this action only, Defendants do not object to this Court exercising personal jurisdiction over GTI. Defendants deny all remaining allegations in paragraph 70.

71.     For purposes of this action only, Defendants do not object to this Court exercising personal jurisdiction over GTI. Defendants deny all allegations of patent infringement as well as any remaining allegations in paragraph 71.

72.     For purposes of this action only, Defendants admit that venue is proper in this District under 28 U.S.C. § 1400 as to GTI. Defendants deny that venue in this District is convenient or in the interest of justice under 28 U.S.C. § 1404 as to GTI. Defendants deny all allegations of patent infringement as well as any remaining allegations in paragraph 72.

73.     Defendants admit KSGNF III and GTI share common ownership with GTI owning 100% of GTI23, which owns 100% of VCP, which owns 100% of GTI Core, which owns 100% of GTI Florida, which owns 100% of KSGNF III. Defendants deny any implication of alter ego or

liability beyond corporate separateness. Defendants deny the remaining allegations in Paragraph 73.

74. Defendants admit the corporate ownership chain includes GTI as the ultimate parent of KSGNF III. Defendants deny the remaining allegations in Paragraph 74.

75. Defendants admit that the CEO and Chairman of GTI executed a mortgage agreement as shown in Ex. AE. Defendants deny any characterization inconsistent with the text of Ex. AE and deny the remaining allegations in Paragraph 75.

76. Defendants admit that GTI executed agreements on behalf of GTI Florida to lease real property where the "RISE Dispensary Hallandale Beach" is now located, as shown in Ex. AI. Defendants admit that Ex. AJ purports to show a "Notice of Commencement" relating to adding a terrace railing to the roof of RISE Dispensary Hallandale Beach. Defendants deny any characterization inconsistent with the text of Ex. AI and Ex. AJ and deny the remaining allegations in Paragraph 76.

77. Defendants admit that the President of GTI is a Manager of KSGNF III, as stated in Ex. AK. Defendants deny any characterization inconsistent with the text of Ex. AK and deny the remaining allegations in Paragraph 77.

78. Defendants admit that Ex. AJ purports to show a "Notice of Commencement" relating to adding a terrace railing to the roof of RISE Dispensary Hallandale Beach. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 78 and therefore deny them.

79. Defendants admit that the General Counsel of GTI is the Chief Corporate Counsel of GTI Florida, as shown in Ex. AL. Defendants deny any characterization inconsistent with the text of Ex. AL and deny the remaining allegations in Paragraph 79.

80. Defendants deny the allegations in Paragraph 80.

81. Defendants admit that GTI owns GTI23, which owns VCP, which owns VCP Real Estate, which owns the Florida limited liability company GTI Sebring Real Estate, LLC, of which the President of GTI is a Manager. Defendants deny any characterization inconsistent with the text of Ex. AM and deny the remaining allegations in Paragraph 81.

82. Defendants admit that GTI Sebring Real Estate, LLC purchased real property in Florida. Defendants deny the remaining allegations in Paragraph 82.

83. Defendants deny the allegations in Paragraph 83.

84. Defendants admit that GTI owns GTI23, which owns VCP, which owns VCP Real Estate, which owns the Florida limited liability company GTI Ocala Real Estate, LLC. Defendants admit that GTI Ocala Real Estate, LLC lists the President of GTI as a Manager in Ex. AO. Defendants deny any characterization inconsistent with the text of Ex. AN and Ex. AO and deny the remaining allegations in Paragraph 84.

85. Defendants admit that Mosaic Real Estate Ocala, LLC (a) purchased the Ocala Facility for $4.7 million in 2019, (b) leased the Ocala Facility to GTI Florida from 2019 through 2022, and (c) sold the Ocala Facility to GTI Ocala Real Estate, LLC for approximately $5.584 million. Defendants deny the remaining allegations in Paragraph 85.

86. Defendants admit that GTI Ocala Real Estate, LLC leases the Ocala Facility to KSGNF III, as stated in Ex. AP. Defendants deny any characterization inconsistent with the text of Ex. AP and deny the remaining allegations in Paragraph 86.

87. Defendants deny the allegations in Paragraph 87.

88. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 and therefore deny them.

89. Defendants admit that GTI Ocala Real Estate, LLC purchased the Ocala Facility for approximately $5.584 million in 2022 and mortgaged the Ocala Facility for $15 million as stated in Ex. AP, Ex. Z, and Ex. AN. Defendants deny any characterization inconsistent with the text of in Ex. AP, Ex. Z, and Ex. AN and deny the remaining allegations in Paragraph 89.

90. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 and therefore deny them.

91. Defendants admit that GTI and that KSGNF III, GTI Florida, VCP, GTI, and GTI Management, LLC share corporate office addresses, including at 325 W. Huron St., Suite 700, Chicago, Illinois 60654. Defendants deny the remaining allegations in Paragraph 91.

92. Defendants admit that KSGNF III, GTI Florida, and GTI share common ownership, with GTI owning GTI23, which owns VCP, which owns GTI Core, which owns GTI Florida, which owns KSGNF III as stated in Ex. Z and Ex. AA. Defendants deny any characterization inconsistent with the text of Ex. Z and Ex. AA and deny the remaining allegations in Paragraph 92.

93. Defendants admit that they operate 22 dispensaries in Florida, including under the RISE brand name. Defendants deny the remaining allegations in Paragraph 93.

94. For purposes of this action only, Defendants do not object to this Court exercising personal jurisdiction over GTI. Defendants deny any remaining allegations in paragraph 94.

95. For purposes of this action only, Defendants do not object to this Court exercising personal jurisdiction over GTI. Defendants deny any remaining allegations in paragraph 95.

96. Defendants admit that GTI's public filings and website discuss dispensary locations, including 22 dispensaries in Florida, as shown in Ex. Z and Ex. Y. The documents speak

for themselves. Defendants deny any characterization inconsistent with the text of Ex. Z and Ex. Y and deny the remaining allegations in Paragraph 96.

97.     Defendants admit that the referenced website(s) list dispensary locations in Florida. Defendants deny any characterization inconsistent with the text of Ex. E and Ex. Y and deny the remaining allegations in Paragraph 97.

98.     Defendants admit that GTI and its subsidiaries operate cannabis dispensaries under the trademark "RISE," including at 22 dispensaries in Florida, including the "RISE Dispensary Hallandale Beach," the "RISE Deerfield Beach" dispensary, and the "RISE Dispensary Kendall." Defendants deny any characterization inconsistent with the text of Ex. E and Ex. Y and deny the remaining allegations in Paragraph 98.

99.     Defendants admit that KSGNF III, GTI Florida, and GTI share the same website risecannabis.com operated by GTI under the RISE trademark. Defendants deny any characterization inconsistent with the text of Ex. O and deny the remaining allegations in Paragraph 99.

100.    For purposes of this action only, Defendants do not object to this Court exercising personal jurisdiction over GTI. GTI's 2024 fiscal year 10-K (Ex. Z) speaks for itself. Defendants deny any characterization inconsistent with the text of Ex. Z and deny the remaining allegations in Paragraph 100.

101.    Defendants admit that GTI's 2024 fiscal year 10-K states, "[GTI], through its subsidiaries, owns state-licensed medical and/or adult-use cannabis businesses" in Ex. Z. Defendants deny any characterization inconsistent with the text of Ex. Z and deny the remaining allegations in Paragraph 101.

102. Defendants admit that GTI's 2024 fiscal year 10-K states that GTI "vertically integrate[s]" and, "[a]s our operations in Florida are vertically integrated, we are able to cultivate, harvest, process, and sell/dispense/deliver our own medical cannabis products" as stated in Ex. Z. Defendants deny any characterization inconsistent with the text of Ex. Z and deny the remaining allegations in Paragraph 102.

103. Defendants admit that KSGNF, LLC d/b/a GTI Florida, LLC holds the MMTC license that allows Defendants to dispense cannabis products in Florida, including the "RISE Dispensary Hallandale Beach," the "RISE Deerfield Beach" dispensary, and the "RISE Dispensary Kendall" locations. Defendants deny any characterization inconsistent with the text of Ex. Z and Ex. Y and deny the remaining allegations in Paragraph 103.

104. Defendants admit that GTI stated in its 2024 10-K, "[w]e [GTI] are a holding company and essentially all of our assets are the capital stock of our subsidiaries in our fourteen markets, including . . . Florida" in Ex. Z. Defendants deny any characterization inconsistent with the text of Ex. Z and deny the remaining allegations in Paragraph 104.

105. Defendants admit the corporate ownership chain includes GTI as the ultimate parent of KSGNF III and that GTI's public filings include statements about RISE dispensaries as stated in Ex. P. Defendants deny any characterization inconsistent with the text of Ex. P and deny the remaining allegations in Paragraph 105.

106. Defendants admit that GTI consolidates the financials of KSGNF III and GTI Florida within GTI's reported revenues and expenses, as shown in Ex. Z. Defendants deny any characterization inconsistent with the text of Ex. Z and deny the remaining allegations in Paragraph 106.

107. Defendants admit that GTI's subsidiaries KSGNF III and GTI Florida own real property in Florida, including locations in Homestead, Florida and Sebring, Florida. Defendants deny the remaining allegations in Paragraph 107.

108. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 and therefore deny them.

109. Defendants admit that GTI owns GTI23, which owns VCP, which owns GTI Core, and that VCP Real Estate Holdings, LLC is a subsidiary within this corporate family, and that VCP Real Estate owns GTI Ocala Real Estate, LLC, which owns the Ocala Facility, as reflected in Ex. AN and Ex. Z. Defendants deny any characterization inconsistent with the text of Ex. AN and Ex. Z and deny the remaining allegations in Paragraph 109.

110. Defendants admit that GTI's 2024 10-K states that "[o]n December 7, 2023, the Company entered into a $15,000 thousand mortgage note associated with its Ocala, Florida CPG facility bearing an interest rate of 7.45% per annum, with a maturity date of December 31, 2028," as shown in Ex. Z. Defendants deny any characterization inconsistent with the text of Ex. Z and deny the remaining allegations in Paragraph 110.

111. Defendants admit that Vision Management Services, LLC, owns the "RISE" trademark, under which KSGNF III operates 22 dispensaries in Florida including the "RISE Dispensary Hallandale Beach," the "RISE Deerfield Beach" dispensary, and the "RISE Dispensary Kendall." Defendants deny any characterization inconsistent with the text of Ex. AR, Ex. AJ, and Ex. Q and deny the remaining allegations in Paragraph 111.

112. Defendants admit that Ex. AR appears to be documentation related to Florida Trademark T19000000738, which is owned by Vision Management Services, LLC. The

documents speak for themselves. Defendants deny any characterization inconsistent with the text of Ex. AR and deny the remaining allegations in Paragraph 112.

113. Defendants admit that Ex. AR appears to be documentation related to Florida Trademark T19000000738, which is owned by Vision Management Services, LLC. The documents speak for themselves. Defendants deny any characterization inconsistent with the text of Ex. AR and deny the remaining allegations in Paragraph 113.

114. Defendants admit that Ex. AR appears to be documentation related to Florida Trademark T19000000738, which is owned by Vision Management Services, LLC. The documents speak for themselves. Defendants deny any characterization inconsistent with the text of Ex. AR and deny the remaining allegations in Paragraph 114.

115. Defendants admit that KSGNF III, GTI Florida, and GTI share common ownership, with GTI owning GTI23, which owns VCP, which owns GTI Core, which owns GTI Florida, which owns KSGNF III as stated in Ex. Z and Ex. AA. Defendants admit that KSGNF, LLC d/b/a GTI Florida, LLC holds the MMTC license that allows Defendants to dispense cannabis products in Florida, including the "RISE Dispensary Hallandale Beach," the "RISE Deerfield Beach" dispensary, and the "RISE Dispensary Kendall" locations. Defendants deny the remaining allegations in Paragraph 115.

116. Defendants admit that GTI owns and operates the website risecannabis.com. Defendants deny all allegations of patent infringement as well as any remaining allegations in paragraph 116.

117. Defendants admit that Vision Management Services, LLC owns U.S. Trademark No. 7,626,864 which protects the "RISE" mark. Defendants deny all allegations of patent infringement as well as any remaining allegations in paragraph 117.

118. Defendants admit that Vision Management Services, LLC owns U.S. Trademark No. 7,626,864 which protects the "RISE" mark. Defendants deny all allegations of patent infringement as well as any remaining allegations in paragraph 118.

119. Defendants admit that Vision Management Services, LLC owns U.S. Trademark No. 7,626,864 which protects the "RISE" mark. Defendants deny all allegations of patent infringement as well as any remaining allegations in paragraph 119.

120. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120 and therefore deny them.

121. Defendants admit that Ex. AT appears to be a Florida trademark application that VCP IP filed on the "RISE" trademark for use with disposable vape pens. The documents speak for themselves. Defendants deny any characterization inconsistent with the text of Ex. AT and deny the remaining allegations in Paragraph 121.

122. Defendants admit that Ex. AT appears to be a Florida trademark application that VCP IP filed on the "RISE" trademark for use with disposable vape pens. The documents speak for themselves. Defendants deny any characterization inconsistent with the text of Ex. AT and deny the remaining allegations in Paragraph 122.

123. Defendants admit that GTI owns and controls KSGNF III. Defendants deny the remaining allegations in Paragraph 123.

124. Defendants admit that GTI owns and operates the website risecannabis.com. Defendants deny all allegations of patent infringement as well as any remaining allegations in paragraph 124.

125. Defendants admit that VCP IP owns the "RYTHM" trademark as stated in Ex. AV, Ex. AW, Ex. AX, and Ex. AY. The documents speak for themselves. Defendants deny any

- 18 -

characterization inconsistent with the text of Ex. AV, Ex. AW, Ex. AX, and Ex. AY and deny the remaining allegations in Paragraph 125.

126. Defendants deny the allegations in Paragraph 126.

127. Defendants admit that Ex. AW appears to be a Florida trademark application that VCP IP filed on the "RYTHM" trademark. The documents speak for themselves. Defendants deny any characterization inconsistent with the text of Ex. AW and deny the remaining allegations in Paragraph 127.

128. Defendants admit that Ex. AW appears to be a Florida trademark application that VCP IP filed on the "RYTHM" trademark. The documents speak for themselves. Defendants deny any characterization inconsistent with the text of Ex. AW. Defendants admit that the website ksgnfllc.com currently redirects to risecannabis.com/dispensaries/florida, which GTI owns and operates. Defendants deny the remaining allegations in Paragraph 128.

129. Defendants admit that Ex. AX appears to be a Florida trademark application that VCP IP filed on the "RYTHM" trademark. The documents speak for themselves. Defendants deny any characterization inconsistent with the text of Ex. AX and deny the remaining allegations in Paragraph 129.

130. Defendants admit that Ex. AX appears to be a Florida trademark application that VCP IP filed on the "RYTHM" trademark. The documents speak for themselves. Defendants deny any characterization inconsistent with the text of Ex. AX and deny the remaining allegations in Paragraph 130.

131. Defendants admit that GTI owns and controls KSGNF III. Defendants deny the remaining allegations in Paragraph 131.

132. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132 and therefore deny them.

133. Defendants admit that Ex. AZ appears to be a Florida trademark application that VCP IP filed on the "THE FEEL COLLECTION" mark. The documents speak for themselves. Defendants deny any characterization inconsistent with the text of Ex. AZ and deny the remaining allegations in Paragraph 133.

134. Defendants admit that Ex. AZ appears to be a Florida trademark application that VCP IP filed on the "THE FEEL COLLECTION" mark. The documents speak for themselves. Defendants deny any characterization inconsistent with the text of Ex. AZ and deny the remaining allegations in Paragraph 134.

135. Defendants admit that GTI owns and controls KSGNF III. Defendants deny the remaining allegations in Paragraph 135.

136. Defendants admit that they sell products in Florida that bear the names of GTI proprietary brands including the &Shine vape cartridges pictured in Ex. R. Defendants deny the remaining allegations in Paragraph 136.

137. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137 and therefore deny them.

138. Defendants admit that GTI owns and controls KSGNF III. Defendants deny all allegations of patent infringement as well as any remaining allegations in paragraph 138.

139. Defendants admit that they hire and employ residents of the State of Florida. Defendants deny any characterization inconsistent with the text of Ex. S and deny the remaining allegations in Paragraph 139.

140.    Defendants admit that GTI provides administrative services to KSGNF III, which includes the services of recruiting, hiring, training, and compensation of KSGNF III employees. Defendants deny the remaining allegations in Paragraph 140.

141.    Defendants admit that GTI engaged Greenhouse Software Inc. to hire employees to work for KSGNF III at various locations in Florida. Defendants deny the remaining allegations in Paragraph 141.

142.    Defendants deny the allegations in Paragraph 142.

143.    Defendants admit that the referenced website(s) at Ex. P includes the quoted statements. The website(s) speak for themselves. Defendants deny the remaining allegations in Paragraph 143.

144.    Defendants admit that the General Counsel of GTI was the signatory on the Florida limited liability public filing at Ex. BA. Defendants deny any characterization inconsistent with the text of Ex. BA and deny the remaining allegations in Paragraph 144.

145.    Defendants admit that the President of GTI signed the Articles of Organization of GTI Florida as the Registered Agent of GTI Florida as shown in Ex. BA. Defendants deny any characterization inconsistent with the text of Ex. BA and deny the remaining allegations in Paragraph 145.

146.    Defendants admit that KSGNF III, GTI Florida, and GTI share common ownership. Defendants deny the remaining allegations in Paragraph 146.

147.    Defendants admit that Ex. AI appears to be a Subordination, Non-Disturbance, and Attornment Agreement signed on behalf of GTI Management and GTI Florida by the CEO and Chairman of GTI. The documents speak for themselves. Defendants deny any characterization inconsistent with the text of Ex. AI and deny the remaining allegations in Paragraph 147.

148.     Defendants admit that Ex. AJ appears to be a Notice of Commencement signed on behalf of GTI Florida by the President of GTI, which identifies "GTI Florida LLC/KSGNF, LLC d/b/a Rise Dispensaries" as the lessee. The documents speak for themselves. Defendants deny any characterization inconsistent with the text of Ex. AJ and deny the remaining allegations in Paragraph 148.

149.     Defendants admit that Ex. AE appears to be a document titled "Mortgage, Security Agreement, Assignment of Rents and Leases and Fixture Filing" for a $150 million mortgage signed by the CEO and Chairman of GTI. The documents speak for themselves. Defendants deny any characterization inconsistent with the text of Ex. AE and deny the remaining allegations in Paragraph 149.

150.     Defendants deny the allegations in Paragraph 150.

151.     Defendants admit that Ex. AE appears to be a document titled "Mortgage, Security Agreement, Assignment of Rents and Leases and Fixture Filing" that lists For Success Holdings Company, a Delaware corporation together with VCP23, VCP Real Estate, VMS, GTI23, GTI Core, VCP IP and TWD18 as "the 'borrower.'" The documents speak for themselves. Defendants deny any characterization inconsistent with the text of Ex. AE and deny the remaining allegations in Paragraph 151.

152.     Defendants admit that RYTHM acquired VCP IP in August 2025. Defendants deny the remaining allegations in Paragraph 152.

153.     Defendants admit that RYTHM operates the rythminc.com website, which links to various websites GTI operates that show products under various brands. Defendants deny any characterization inconsistent with the text of Ex. BB and Ex. G and deny the remaining allegations in Paragraph 153.

154. Defendants admit that rythminc.com includes an image of the &Shine trademark, for example, followed by a "LEARN MORE" link that redirects to the risecannabis.com website, as shown in Ex. BB and Ex. AS. The documents speak for themselves. Defendants deny any characterization inconsistent with the text of Ex. BB and Ex. AS and deny the remaining allegations in Paragraph 154.

155. Defendants admit that VCP IP owns the &Shine trademark as detailed in Ex. BC and Ex. BD. The documents speak for themselves. Defendants deny any characterization inconsistent with the text of Ex. BC and Ex. BD and deny the remaining allegations in Paragraph 155.

156. Defendants admit that VCP IP owns the &Shine trademark as detailed in Ex. BC. The documents speak for themselves. Defendants deny any characterization inconsistent with the text of Ex. BC and deny the remaining allegations in Paragraph 156.

157. Defendants deny the allegations in Paragraph 157.

158. Defendants admit that they market cannabis products in Florida under the brands RYTHM, Dogwalkers, Beboe, Dr. Solomon, &Shine, and/or Good Green. Defendants deny the remaining allegations in Paragraph 158.

159. Defendants deny the allegations in Paragraph 159.

160. Defendants admit that Ex. BB includes the quoted statement. The documents speak for themselves. Defendants deny any characterization inconsistent with the text of Ex. BB and deny the remaining allegations in Paragraph 160.

161. Defendants admit that Ex. BD includes the quoted statement. The documents speak for themselves. Defendants deny any characterization inconsistent with the text of Ex. BD and deny the remaining allegations in Paragraph 161.

162. Defendants admit that Ex. BD includes the quoted statement. The documents speak for themselves. Defendants deny any characterization inconsistent with the text of Ex. BD and deny the remaining allegations in Paragraph 162.

163. Defendants admit that Ex. BD identifies the trademark &Shine. The documents speak for themselves. Defendants deny any characterization inconsistent with the text of Ex. BD and deny the remaining allegations in Paragraph 163.

164. Defendants admit that the President of GTI signed Ex. BD. The documents speak for themselves. Defendants deny any characterization inconsistent with the text of Ex. BD and deny the remaining allegations in Paragraph 164.

165. Defendants admit that the majority owner of GTI Management, the Chairman and CEO of GTI, and the Chairman and interim CEO of RYTHM are the same natural person, as shown in Ex. AA, Ex, AB, and Ex. AC. Defendants deny any characterization inconsistent with the text of Ex. AA, Ex, AB, and Ex. AC and deny the remaining allegations in Paragraph 165.

166. Defendants admit that GTI owns GTI23, which owns VCP, which owns the Delaware corporation For Success Holding Company, which owns the California limited liability company Wellness Mgmt, LLC, which owns the Delaware limited liability company RSLGH, LLC ("RSLGH"), as shown in Ex. AA, Ex, AB, Ex. AC, and Ex. Z. Defendants deny any characterization inconsistent with the text of Ex. AA, Ex, AB, Ex. AC, and Ex. Z and deny the remaining allegations in Paragraph 166.

167. Defendants admit that the SEC Schedule 13D (Ex. AD) states that RSLGH has a "control purpose" with respect to the Securities Exchange Act of 1934, as amended. Defendants deny any characterization inconsistent with the text of Ex. AD and deny the remaining allegations in Paragraph 167.

168. Defendants deny that GTI Management, LLC executed the SEC Schedule 13D (Ex. AD) on behalf of any party. Defendants deny any characterization inconsistent with the text of Ex. AD and deny the remaining allegations in Paragraph 168.

169. Defendants admit that the SEC Schedule 13D (Ex. AD) contains the quoted statement. Defendants deny any characterization inconsistent with the text of Ex. AD and deny the remaining allegations in Paragraph 169.

170. Defendants admit that the SEC Schedule 13D (Ex. AD) states that the aggregate Common Stock of RYTHM that the Reporting Persons beneficially own represents 49.99% of the voting power and dispositive power of RYTHM. Defendants deny any characterization inconsistent with the text of Ex. AD and deny the remaining allegations in Paragraph 170.

171. Defendants admit that Ex. BE appears to be a Statement of Beneficial Ownership dated November 20, 2025, and that the majority owner of GTI Management owned at least 20,000 shares of Common Stock of RYTHM as of that date. Defendants deny any characterization inconsistent with the text of Ex. BE and deny the remaining allegations in Paragraph 171.

172. Defendants deny the allegations in Paragraph 172.

173. Defendants admit that the majority owner of GTI Management is the interim CEO and Chairman of RYTHM, consistent with statements in Ex. AC, Ex. BF, and Ex. BG. Defendants deny that the majority owner of GTI management is the "Chief Operating Decision Maker" of RYTHM, which is a title that does not exist. Defendants deny any characterization inconsistent with the text of Ex. AC, Ex. BF, and Ex. BG and deny the remaining allegations in Paragraph 173.

## THE ASSERTED PATENTS

174. Defendants admit that Paragraph 174 purports to incorporate prior allegations. No response is required. To the extent a response is deemed required, Defendants deny any incorporated allegations not expressly admitted herein.

175. Defendants admit that the '248 patent is entitled "Methods to Chemically Modify Cannabinoids," states an issuance date of June 2, 2020, and lists C. Russell Thomas and Matthew M. DePalo as inventors. Defendants deny the remaining allegations in Paragraph 175.

176. Defendants deny the allegations in Paragraph 176.

177. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 177 and therefore deny them.

178. Defendants admit that the '402 patent is entitled "Gas Phase Methods to Decarboxylate Cannabinoids," states an issuance date of May 9, 2023, and lists C. Russell Thomas and Matthew M. DePalo as inventors. Defendants deny the remaining allegations in Paragraph 178.

179. Defendants deny the allegations in Paragraph 179.

180. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 180 and therefore deny them.

181. Defendants admit that the '181 patent is entitled "Methods to Chemically Modify Cannabinoids," states an issuance date of May 13, 2025, and lists C. Russell Thomas and Matthew M. DePalo as inventors. Defendants deny the remaining allegations in Paragraph 181.

182. Defendants deny the allegations in Paragraph 182.

183. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 183 and therefore deny them.

184. Defendants admit that the '214 patent is entitled "Methods to Produce Products Comprising Cannabinoids," states an issuance date of September 23, 2025, and lists C. Russell Thomas and Matthew M. DePalo as inventors. Defendants deny the remaining allegations in Paragraph 184.

185. Defendants deny the allegations in Paragraph 185.

186. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 186 and therefore deny them.

## FACTUAL BACKGROUND & DEFENDANTS' ALLEGED INFRINGEMENT

### A. The '248 Patent

187. Defendants admit that Paragraph 187 purports to incorporate prior allegations. No response is required. To the extent a response is deemed required, Defendants deny any incorporated allegations not expressly admitted herein. Defendants admit that Paragraph 187 purports to quote claim language. The patent speaks for itself. Defendants deny the remaining allegations in Paragraph 187.

188. Defendants admit that Paragraph 188 purports to quote claim language. The patent speaks for itself. Defendants deny the remaining allegations in Paragraph 188.

189. Defendants admit that Paragraph 189 purports to quote claim language. The patent speaks for itself. Defendants deny the remaining allegations in Paragraph 189.

190. Defendants admit that Paragraph 190 purports to quote claim language. The patent speaks for itself. Defendants deny the remaining allegations in Paragraph 190.

191. Defendants deny the allegations in Paragraph 191.

192. Defendants admit that cannabis flowers contain cannabinoids. Defendants admit CBDA is a native cannabinoid molecule found naturally in various strains of the cannabis plant.

Defendants admit that THCA is another native cannabinoid molecule found naturally in various strains of the cannabis plant. Defendants deny all remaining allegations in paragraph 192.

193. Defendants admit extractions of cannabis oil from cannabis plants may contain CBDA and/or THCA. Defendants deny all remaining allegations in paragraph 193.

194. Defendants admit that CBDA can be converted into CBD by decarboxylation. Defendants deny all remaining allegations in paragraph 194.

195. Defendants admit that THCA can be converted to THC by decarboxylation. Defendants deny all remaining allegations in paragraph 195.

196. Defendants admit that CBDA and THCA each have a carboxyl group. Defendants deny all remaining allegations in paragraph 196.

197. Defendants admit that decarboxylation may remove a carboxyl group from a CBDA molecule to form a CBD molecule and a carbon dioxide molecule. Defendants deny all remaining allegations in paragraph 197.

198. Defendants admit that decarboxylation may remove a carboxyl group from a THCA molecule to form a THC molecule and a carbon dioxide molecule. Defendants deny all remaining allegations in paragraph 198.

199. Defendants deny the allegations in Paragraph 199.

200. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 200 and therefore deny them.

201. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 201 and therefore deny them.

202. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 202 and therefore deny them.

203. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 203 and therefore deny them.

204. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 204 and therefore deny them.

205. Defendants deny the allegations in Paragraph 205.

206. Defendants deny the allegations in Paragraph 206.

207. Defendants deny the allegations in Paragraph 207.

208. Defendants admit that the referenced website content, if authentic, speaks for itself. Defendants deny the remaining allegations in Paragraph 208.

209. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 209 and therefore deny them.

210. Defendants admit that the referenced website content, if authentic, speaks for itself. Defendants deny the remaining allegations in Paragraph 210.

211. Defendants admit that Ex. BO purports to show KDT-6 Short Path Distillation Series machines that are manufactured by Chemtech Services, Inc., and that Chemtech Services, Inc. lists its address as 20648 Gaskin Dr. Romeoville, IL 60446. Ex. BO speaks for itself. Defendants deny any characterization inconsistent with the text of Ex. BO and deny the remaining allegations in Paragraph 211.

212. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 212 and therefore deny them.

213. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 213 and therefore deny them.

214. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 214 and therefore deny them.

215. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 215 and therefore deny them.

216. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 216 and therefore deny them.

217. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 217 and therefore deny them.

218. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 218 and therefore deny them.

219. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 219 and therefore deny them.

220. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 220 and therefore deny them.

221. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 221 and therefore deny them.

222. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 222 and therefore deny them.

223. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 223 and therefore deny them.

224. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 224 and therefore deny them.

225. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 225 and therefore deny them.

226. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 226 and therefore deny them.

227. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 227 and therefore deny them.

228. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 228 and therefore deny them.

229. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 229 and therefore deny them.

230. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 230 and therefore deny them.

231. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 231 and therefore deny them.

232. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 232 and therefore deny them.

233. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 233 and therefore deny them.

234. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 234 and therefore deny them.

235. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 235 and therefore deny them.

**B.**     **The '402 Patent**

236.     Defendants admit that Paragraph 236 purports to incorporate prior allegations. No response is required. To the extent a response is deemed required, Defendants deny any incorporated allegations not expressly admitted herein. Defendants deny the remaining allegations in Paragraph 236.

237.     Defendants admit that Paragraph 237 purports to quote claim language. The patent speaks for itself. Defendants deny the remaining allegations in Paragraph 237.

238.     Defendants admit that Paragraph 238 purports to quote claim language. The patent speaks for itself. Defendants deny the remaining allegations in Paragraph 238.

239.     Defendants admit that Paragraph 239 purports to quote claim language. The patent speaks for itself. Defendants deny the remaining allegations in Paragraph 239.

240.     Defendants admit that Paragraph 240 purports to quote claim language. The patent speaks for itself. Defendants deny the remaining allegations in Paragraph 240.

241.     Defendants admit that Paragraph 241 purports to quote claim language. The patent speaks for itself. Defendants deny the remaining allegations in Paragraph 241.

242.     Defendants deny the allegations in Paragraph 242.

243.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 243 and therefore deny them.

244.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 244 and therefore deny them.

245.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 245 and therefore deny them.

246. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 246 and therefore deny them.

247. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 247 and therefore deny them.

248. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 248 and therefore deny them.

249. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 249 and therefore deny them.

250. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 250 and therefore deny them.

251. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 251 and therefore deny them.

252. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 252 and therefore deny them.

253. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 253 and therefore deny them.

254. Defendants deny the allegations in Paragraph 254.

255. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 255 and therefore deny them.

256. Defendants deny the allegations in Paragraph 256.

257. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 257 and therefore deny them.

258. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 258 and therefore deny them.

259. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 259 and therefore deny them.

260. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 260 and therefore deny them.

261. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 261 and therefore deny them.

262. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 262 and therefore deny them.

263. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 263 and therefore deny them.

264. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 264 and therefore deny them.

265. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 265 and therefore deny them.

266. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 266 and therefore deny them.

267. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 267 and therefore deny them.

268. Defendants deny the allegations in Paragraph 268.

C.    **The '181 Patent**

269.    Defendants admit that Paragraph 269 purports to incorporate prior allegations. No response is required. To the extent a response is deemed required, Defendants deny any incorporated allegations not expressly admitted herein. Defendants deny the remaining allegations in Paragraph 269.

270.    Defendants admit that Paragraph 270 purports to quote claim language. The patent speaks for itself. Defendants deny the remaining allegations in Paragraph 270.

271.    Defendants admit that Paragraph 271 purports to quote claim language. The patent speaks for itself. Defendants deny the remaining allegations in Paragraph 271.

272.    Defendants admit that Paragraph 272 purports to quote claim language. The patent speaks for itself. Defendants deny the remaining allegations in Paragraph 272.

273.    Defendants admit that Paragraph 273 purports to quote claim language. The patent speaks for itself. Defendants deny the remaining allegations in Paragraph 273.

274.    Defendants admit that Paragraph 274 purports to quote claim language. The patent speaks for itself. Defendants deny the remaining allegations in Paragraph 274.

275.    Defendants admit that Paragraph 275 purports to quote claim language. The patent speaks for itself. Defendants deny the remaining allegations in Paragraph 275.

276.    Defendants deny the allegations in Paragraph 276.

277.    Defendants admit that cannabis oil can be extracted from flowers of cannabis plants. Defendants deny the remaining allegations in Paragraph 277.

278.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 278 and therefore deny them.

279. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 279 and therefore deny them.

280. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 280 and therefore deny them.

281. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 281 and therefore deny them.

282. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 282 and therefore deny them.

283. Defendants deny the allegations in Paragraph 283.

**D.** **The '214 Patent**

284. Defendants admit that Paragraph 284 purports to incorporate prior allegations. No response is required. To the extent a response is deemed required, Defendants deny any incorporated allegations not expressly admitted herein. Defendants deny the remaining allegations in Paragraph 284.

285. Defendants admit that Paragraph 285 purports to quote claim language. The patent speaks for itself. Defendants deny the remaining allegations in Paragraph 285.

286. Defendants admit that Paragraph 286 purports to quote claim language. The patent speaks for itself. Defendants deny the remaining allegations in Paragraph 286.

287. Defendants admit that Paragraph 287 purports to quote claim language. The patent speaks for itself. Defendants deny the remaining allegations in Paragraph 287.

288. Defendants admit that Paragraph 288 purports to quote claim language. The patent speaks for itself. Defendants deny the remaining allegations in Paragraph 288.

289. Defendants admit that Paragraph 289 purports to quote claim language. The patent speaks for itself. Defendants deny the remaining allegations in Paragraph 289.

290. Defendants admit that Paragraph 290 purports to quote claim language. The patent speaks for itself. Defendants deny the remaining allegations in Paragraph 290.

291. Defendants admit that Paragraph 291 purports to quote claim language. The patent speaks for itself. Defendants deny the remaining allegations in Paragraph 291.

292. Defendants admit that Paragraph 292 purports to quote claim language. The patent speaks for itself. Defendants deny the remaining allegations in Paragraph 292.

293. Defendants admit that Paragraph 293 purports to quote claim language. The patent speaks for itself. Defendants deny the remaining allegations in Paragraph 293.

294. Defendants admit that Paragraph 294 purports to quote claim language. The patent speaks for itself. Defendants deny the remaining allegations in Paragraph 294.

295. Defendants deny the allegations in Paragraph 295.

296. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 296 and therefore deny them.

297. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 297 and therefore deny them.

298. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 298 and therefore deny them.

299. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 299 and therefore deny them.

300. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 300 and therefore deny them.

301. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 301 and therefore deny them.

302. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 302 and therefore deny them.

303. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 303 and therefore deny them.

304. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 304 and therefore deny them.

305. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 305 and therefore deny them.

306. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 306 and therefore deny them.

307. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 307 and therefore deny them.

308. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 308 and therefore deny them.

309. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 309 and therefore deny them.

310. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 310 and therefore deny them.

311. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 311 and therefore deny them.

312.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 312 and therefore deny them.

313.    Defendants deny the allegations in Paragraph 313.

**COUNT I**
**ALLEGED INFRINGEMENT OF U.S. PATENT NO. 10,669,248**

314.    Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

**A.      Alleged Direct Infringement (35 U.S.C. §§ 271(a) and (g))**

315.    Defendants deny the allegations in Paragraph 315.

316.    Defendants deny the allegations in Paragraph 316.

317.    Defendants deny the allegations in Paragraph 317.

318.    Defendants deny the allegations in Paragraph 318.

**B.      Alleged Induced Infringement (35 U.S.C. § 271(b))**

319.    Defendants deny the allegations in Paragraph 319.

320.    Defendants deny the allegations in Paragraph 320.

321.    Defendants deny the allegations in Paragraph 321.

322.    Defendants deny the allegations in Paragraph 322.

323.    Defendants deny the allegations in Paragraph 323.

324.    Defendants deny the allegations in Paragraph 324.

325.    Defendants deny the allegations in Paragraph 325.

326.    Defendants deny the allegations in Paragraph 326.

327.    Defendants deny the allegations in Paragraph 327.

328.    Defendants deny the allegations in Paragraph 328.

329.    Defendants deny the allegations in Paragraph 329.

## COUNT II
## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 11,643,402

330. Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

**A.** **Alleged Direct Infringement (35 U.S.C. §§ 271(a) and (g))**

331. Defendants deny the allegations in Paragraph 331.

332. Defendants deny the allegations in Paragraph 332.

333. Defendants deny the allegations in Paragraph 333.

334. Defendants deny the allegations in Paragraph 334.

**B.** **Alleged Induced Infringement (35 U.S.C. § 271(b))**

335. Defendants deny the allegations in Paragraph 335.

336. Defendants deny the allegations in Paragraph 336.

337. Defendants deny the allegations in Paragraph 337.

338. Defendants deny the allegations in Paragraph 338.

339. Defendants deny the allegations in Paragraph 339.

340. Defendants deny the allegations in Paragraph 340.

341. Defendants deny the allegations in Paragraph 341.

342. Defendants deny the allegations in Paragraph 342.

343. Defendants deny the allegations in Paragraph 343.

344. Defendants deny the allegations in Paragraph 344.

345. Defendants deny the allegations in Paragraph 345.

**COUNT III**
**ALLEGED INFRINGEMENT OF U.S. PATENT NO. 12,297,181**

346.     Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

**A.     Alleged Direct Infringement (35 U.S.C. §§ 271(a) and (g))**

347.     Defendants deny the allegations in Paragraph 347.

348.     Defendants deny the allegations in Paragraph 348.

349.     Defendants deny the allegations in Paragraph 349.

350.     Defendants deny the allegations in Paragraph 350.

**B.     Alleged Induced Infringement (35 U.S.C. § 271(b))**

351.     Defendants deny the allegations in Paragraph 351.

352.     Defendants deny the allegations in Paragraph 352.

353.     Defendants deny the allegations in Paragraph 353.

354.     Defendants deny the allegations in Paragraph 354.

355.     Defendants deny the allegations in Paragraph 355.

356.     Defendants deny the allegations in Paragraph 356.

357.     Defendants deny the allegations in Paragraph 357.

358.     Defendants deny the allegations in Paragraph 358.

359.     Defendants deny the allegations in Paragraph 359.

360.     Defendants deny the allegations in Paragraph 360.

361.     Defendants deny the allegations in Paragraph 361.

<u>**COUNT IV**</u>
<u>**ALLEGED INFRINGEMENT OF U.S. PATENT NO. 12,420,214**</u>

362.    Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

**A.**    <u>**Alleged Direct Infringement (35 U.S.C. §§ 271(a) and (g))**</u>

363.    Defendants deny the allegations in Paragraph 363.

364.    Defendants deny the allegations in Paragraph 364.

365.    Defendants deny the allegations in Paragraph 365.

366.    Defendants deny the allegations in Paragraph 366.

**B.**    <u>**Alleged Induced Infringement (35 U.S.C. § 271(b))**</u>

367.    Defendants deny the allegations in Paragraph 367.

368.    Defendants deny the allegations in Paragraph 368.

369.    Defendants deny the allegations in Paragraph 369.

370.    Defendants deny the allegations in Paragraph 370.

371.    Defendants deny the allegations in Paragraph 371.

372.    Defendants deny the allegations in Paragraph 372.

373.    Defendants deny the allegations in Paragraph 373.

374.    Defendants deny the allegations in Paragraph 374.

375.    Defendants deny the allegations in Paragraph 375.

376.    Defendants deny the allegations in Paragraph 376.

<u>**PLAINTIFF'S PRAYER FOR RELIEF**</u>

These Paragraphs set forth the statement of relief requested by Plaintiff to which no response is required. Defendants deny that Plaintiff is entitled to any relief and specifically deny

- 42 -

all the allegations and prayers for relief contained in Paragraphs (a) through (h) of Plaintiff's Prayer for Relief.

## DENIAL OF ANY REMAINING ALLEGATIONS

Except as specifically admitted herein, Defendants deny all remaining allegations in the Complaint.

## AFFIRMATIVE DEFENSES

Subject to the responses above, and pursuant to Federal Rule of Civil Procedure 8(c), Defendants assert the following defenses. Assertion of a defense is not a concession that Defendants have the burden of proving the matter asserted. In addition to the defenses described below, Defendants expressly reserve the right to allege additional defenses as they become known through the course of discovery.

## FIRST AFFIRMATIVE DEFENSE
## (NO INFRINGEMENT)

1.      Defendants have not infringed and do not infringe, under any theory of infringement, including directly (whether individually or jointly) or indirectly (whether by inducement or otherwise), any valid, enforceable claim of the Asserted Patents, either literally or under the doctrine of equivalents, and have not committed any acts in violation of 35 U.S.C. § 271.

## SECOND AFFIRMATIVE DEFENSE
## (INVALIDITY)

2.      Each asserted claim of the Asserted Patents is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto.

**THIRD AFFIRMATIVE DEFENSE**
**(NO INJUNCTIVE RELIEF)**

3.      Plaintiff is not entitled to any injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law for any alleged injury.

**FOURTH AFFIRMATIVE DEFENSE**
**(DISCLAIMER AND PROSECUTION HISTORY ESTOPPEL)**

4.      Plaintiff is precluded from construing any valid claim of the Asserted Patents to be infringed, literally or under the doctrine of equivalents, due to admissions, arguments, amendments, representations, and/or statements made to the U.S. Patent and Trademark Office (a) during prosecution of the Asserted Patents, (b) in the specifications and claims of the Asserted Patents, and/or (c) during the prosecutions of patents and applications related to the Asserted Patents.

**FIFTH AFFIRMATIVE DEFENSE**
**(NO ENHANCED DAMAGES)**

5.      Plaintiff is not entitled to enhanced damages under 35 U.S.C. § 284, at least because Defendants have not intentionally, willfully, or deliberately infringed any asserted claim of the Asserted Patents, or acted with egregious conduct.

**SIXTH AFFIRMATIVE DEFENSE**
**(NO ATTORNEYS' FEES)**

6.      Plaintiff is not entitled to an award of attorneys' fees under 35 U.S.C. § 285, at least because Plaintiff has failed to show, and cannot show, that this case is "exceptional" in Plaintiff's favor as would be required by the statute.

**SEVENTH AFFIRMATIVE DEFENSE**
**(NO COSTS)**

7.      Under 35 U.S.C. § 288, Plaintiff is precluded from recovering costs associated with this action.

## EIGHTH AFFIRMATIVE DEFENSE
### (LACK OF STANDING)

8.      To the extent that Plaintiff does not own all substantial rights in the Asserted Patents, Plaintiff lacks standing to pursue some or all of its claims against Defendants.

## NINTH AFFIRMATIVE DEFENSE
### (ESTOPPEL, WAIVER, PATENT MISUSE, AND/OR UNCLEAN HANDS)

9.      Plaintiff's attempted enforcement of the Asserted Patents against Defendants is barred by estoppel, waiver, patent misuse, and/or unclean hands.

## RESERVATION OF DEFENSES

Defendants reserve all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses at law or in equity that may exist now or that may be available in the future, including (but not limited to) those related to the unenforceability of any claim of the Asserted Patents based on inequitable conduct, based on discovery, and further factual investigation in this action.

## COUNTERCLAIMS

Defendants and Counterclaim Plaintiffs Green Thumb Industries Inc. ("GTI"), GTI Florida, LLC ("GTI Florida"), and KSGNF, LLC (or "KSGNF III") (collectively, the "Counterclaim Plaintiffs") bring the following Counterclaims against Plaintiff Natural Extraction Systems ("NES" or "Counterclaim Defendant") and state as follows:

## THE PARTIES

1.      Green Thumb Industries Inc. ("GTI") is organized under the laws of British Columbia, Canada, having a principal place of business at 325 W. Huron St., Suite 700, Chicago, Illinois 60654.

2.     GTI Florida, LLC ("GTI Florida") is a Florida limited liability company having a principal place of business at 325 W. Huron St., Suite 700, Chicago, Illinois 60654.

3.     KSGNF, LLC is a Florida limited liability company having a principal place of business at 325 W. Huron St., Suite 700, Chicago, Illinois 60654.

4.     On information and belief, based on its pleadings in this action, Counterclaim Defendant NES is a limited liability company organized and existing under the laws of the State of Colorado, having a principal place of business at 4845 Pearl East Cir Ste 101, Boulder, CO, 80301.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201–02. An actual controversy exists between Defendants and NES regarding the non-infringement and invalidity of U.S. Patent No. 10,669,248 (the "'248 Patent"), U.S. Patent No. 11,643,402 (the "'402 Patent"), U.S. Patent No. 12,297,181 (the "'181 Patent"), and U.S. Patent No. 12,420,214 (the "'214 Patent") (collectively, the "Asserted Patents").

6.     NES has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

7.     By virtue of its filing this action, NES has also consented that venue is permissible in this District pursuant to at least 28 U.S.C. §§ 1391(c) and 1400. By asserting these counterclaims, Defendants do not waive, and instead expressly preserve, any objection to venue with respect to the Complaint in this action.

## COUNT I: DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF THE '248 PATENT

8.     Counterclaim Plaintiffs restate and incorporate by reference the allegations in paragraphs 1-7 of their Counterclaims as if fully rewritten herein.

9. An actual case or controversy exists between Counterclaim Plaintiffs and NES regarding the alleged infringement of the '248 Patent.

10. Counterclaim Plaintiffs have not infringed and do not infringe any claim of the '248 Patent under any theory of infringement. Counterclaim Plaintiffs do not make, use, offer to sell, sell, or import into the United States any product that practices any claim of the '248 Patent. Additionally, one or more limitations required by each claim is missing from the processes practiced and products made, used, sold, offered for sale, and/or imported by Counterclaim Plaintiffs.

11. A judicial declaration is necessary and appropriate so that Counterclaim Plaintiffs may ascertain their rights regarding the '248 Patent. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Counterclaim Plaintiffs request a declaration by the Court that they have not infringed, and do not infringe, any valid and enforceable claim of the '248 Patent.

### COUNT II: DECLARATORY JUDGMENT OF INVALIDITY OF THE '248 PATENT

12. Counterclaim Plaintiffs restate and incorporate by reference the allegations in paragraphs 1-7 of their Counterclaims as if fully rewritten herein.

13. An actual case or controversy exists between Counterclaim Plaintiffs and NES as to whether the claims of the '248 Patent are valid.

14. The claims of the '248 Patent are invalid for failing to comply with one or more of the requirements for patentability set forth in 35 U.S.C. Sections 100 *et seq.*, including §§ 101, 102, 103, and/or 112.

15. The prior art, including but not limited to prior art systems and methods for decarboxylation and distillation of cannabinoids that predate the '248 Patent, alone or in

combination, completely anticipates or renders obvious the subject matter of one or more claims of the '248 Patent, rendering such claims invalid under 35 U.S.C. § 102 and/or § 103.

16.     A judicial declaration is necessary and appropriate so that Counterclaim Plaintiffs may ascertain their rights as to whether the claims of the '248 Patent are valid. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Title 35 of the United States Code, Counterclaim Plaintiffs request a declaration by the Court that the claims of the '248 Patent are invalid for failing to satisfy the conditions for patentability specified in 35 U.S.C. § 101 *et seq.*, including, without limitation, §§ 101, 102, 103, and/or 112.

### COUNT III: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '402 PATENT

17.     Counterclaim Plaintiffs restate and incorporate by reference the allegations in paragraphs 1-7 of their Counterclaims as if fully rewritten herein.

18.     An actual case or controversy exists between Counterclaim Plaintiffs and NES regarding the alleged infringement of the '402 Patent.

19.     Counterclaim Plaintiffs have not infringed and do not infringe any claim of the '402 Patent under any theory of infringement. Counterclaim Plaintiffs do not make, use, offer to sell, sell, or import into the United States any product that practices any claim of the '402 Patent. Additionally, one or more limitations required by each claim is missing from the processes practiced and products made, used, sold, offered for sale, and/or imported by Counterclaim Plaintiffs.

20.     A judicial declaration is necessary and appropriate so that Counterclaim Plaintiffs may ascertain their rights regarding the '402 Patent. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Counterclaim Plaintiffs request a declaration by the Court that they have not infringed, and do not infringe, any valid and enforceable claim of the '402 Patent.

- 48 -

**COUNT IV: DECLARATORY JUDGMENT OF
INVALIDITY OF THE '402 PATENT**

21.     Counterclaim Plaintiffs restate and incorporate by reference the allegations in paragraphs 1-7 of their Counterclaims as if fully rewritten herein.

22.     An actual case or controversy exists between Counterclaim Plaintiffs and NES as to whether the claims of the '402 Patent are valid.

23.     The claims of the '402 Patent are invalid for failing to comply with one or more of the requirements for patentability set forth in 35 U.S.C. Sections 100 *et seq.*, including §§ 101, 102, 103, and/or 112.

24.     The prior art, including but not limited to prior art systems and methods for decarboxylation and distillation of cannabinoids that predate the '402 Patent, alone or in combination, completely anticipates or renders obvious the subject matter of one or more claims of the '402 Patent, rendering such claims invalid under 35 U.S.C. § 102 and/or § 103.

25.     A judicial declaration is necessary and appropriate so that Counterclaim Plaintiffs may ascertain their rights as to whether the claims of the '402 Patent are valid. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Title 35 of the United States Code, Counterclaim Plaintiffs request a declaration by the Court that the claims of the '402 Patent are invalid for failing to satisfy the conditions for patentability specified in 35 U.S.C. § 101 *et seq.*, including, without limitation, §§ 101, 102, 103, and/or 112.

**COUNT V: DECLARATORY JUDGMENT OF
NON-INFRINGEMENT OF THE '181 PATENT**

26.     Counterclaim Plaintiffs restate and incorporate by reference the allegations in paragraphs 1-7 of their Counterclaims as if fully rewritten herein.

27.     An actual case or controversy exists between Counterclaim Plaintiffs and NES regarding the alleged infringement of the '181 Patent.

28.     Counterclaim Plaintiffs have not infringed and do not infringe any claim of the '181 Patent under any theory of infringement. Counterclaim Plaintiffs do not make, use, offer to sell, sell, or import into the United States any product that practices any claim of the '181 Patent. Additionally, one or more limitations required by each claim is missing from the processes practiced and products made, used, sold, offered for sale, and/or imported by Counterclaim Plaintiffs.

29.     A judicial declaration is necessary and appropriate so that Counterclaim Plaintiffs may ascertain their rights regarding the '181 Patent. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Counterclaim Plaintiffs request a declaration by the Court that they have not infringed, and do not infringe, any valid and enforceable claim of the '181 Patent.

## COUNT VI: DECLARATORY JUDGMENT OF INVALIDITY OF THE '181 PATENT

30.     Counterclaim Plaintiffs restate and incorporate by reference the allegations in paragraphs 1-7 of their Counterclaims as if fully rewritten herein.

31.     An actual case or controversy exists between Counterclaim Plaintiffs and NES as to whether the claims of the '181 Patent are valid.

32.     The claims of the '181 Patent are invalid for failing to comply with one or more of the requirements for patentability set forth in 35 U.S.C. Sections 100 *et seq.*, including §§ 101, 102, 103, and/or 112.

33.     The prior art, including but not limited to prior art systems and methods for decarboxylation and distillation of cannabinoids using thin-film evaporators that predate the '181 Patent, alone or in combination, completely anticipates or renders obvious the subject matter of

one or more claims of the '181 Patent, rendering such claims invalid under 35 U.S.C. § 102 and/or § 103.

34. A judicial declaration is necessary and appropriate so that Counterclaim Plaintiffs may ascertain their rights as to whether the claims of the '181 Patent are valid. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Title 35 of the United States Code, Counterclaim Plaintiffs request a declaration by the Court that the claims of the '181 Patent are invalid for failing to satisfy the conditions for patentability specified in 35 U.S.C. § 101 *et seq.*, including, without limitation, §§ 101, 102, 103, and/or 112.

## COUNT VII: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '214 PATENT

35. Counterclaim Plaintiffs restate and incorporate by reference the allegations in paragraphs 1-7 of their Counterclaims as if fully rewritten herein.

36. An actual case or controversy exists between Counterclaim Plaintiffs and NES regarding the alleged infringement of the '214 Patent.

37. Counterclaim Plaintiffs have not infringed and do not infringe any claim of the '214 Patent under any theory of infringement. Counterclaim Plaintiffs do not make, use, offer to sell, sell, or import into the United States any product that practices any claim of the '214 Patent. Additionally, one or more limitations required by each claim is missing from the processes practiced and products made, used, sold, offered for sale, and/or imported by Counterclaim Plaintiffs.

38. A judicial declaration is necessary and appropriate so that Counterclaim Plaintiffs may ascertain their rights regarding the '214 Patent. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Counterclaim Plaintiffs request a declaration by the Court that they have not infringed, and do not infringe, any valid and enforceable claim of the '214 Patent.

- 51 -

## COUNT VIII: DECLARATORY JUDGMENT OF
## INVALIDITY OF THE '214 PATENT

39.     Counterclaim Plaintiffs restate and incorporate by reference the allegations in paragraphs 1-7 of their Counterclaims as if fully rewritten herein.

40.     An actual case or controversy exists between Counterclaim Plaintiffs and NES as to whether the claims of the '214 Patent are valid.

41.     The claims of the '214 Patent are invalid for failing to comply with one or more of the requirements for patentability set forth in 35 U.S.C. Sections 100 *et seq.*, including §§ 101, 102, 103, and/or 112.

42.     The prior art, including but not limited to prior art systems and methods for decarboxylation and distillation of cannabinoids using thin-film evaporators and short-path distillation apparatuses that predate the '214 Patent, alone or in combination, completely anticipates or renders obvious the subject matter of one or more claims of the '214 Patent, rendering such claims invalid under 35 U.S.C. § 102 and/or § 103.

43.     A judicial declaration is necessary and appropriate so that Counterclaim Plaintiffs may ascertain their rights as to whether the claims of the '214 Patent are valid. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Title 35 of the United States Code, Counterclaim Plaintiffs request a declaration by the Court that the claims of the '214 Patent are invalid for failing to satisfy the conditions for patentability specified in 35 U.S.C. § 101 *et seq.*, including, without limitation, §§ 101, 102, 103, and/or 112.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaim Plaintiffs respectfully request that the Court enter a judgment in Counterclaim Plaintiffs' favor against NES and issue an order that includes:

(a)     Dismissal of NES's Complaint with prejudice;

- 52 -

(b)     A judgment against NES and in favor of Counterclaim Plaintiffs;

(c)     A declaration that NES take nothing by its Complaint;

(d)     A declaration that Counterclaim Plaintiffs have not infringed any valid claims of the Asserted Patents under any theory of infringement;

(e)     A declaration that the claims of each of the Asserted Patents are invalid;

(f)     A declaration that this case is exceptional within the meaning of 35 U.S.C. § 285 in Counterclaim Plaintiffs' favor, and an award to Counterclaim Plaintiffs of their reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees;

(g)     Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Defendants respectfully demand a jury trial of all issues triable to a jury in this action.

Date:   March 19, 2026                                    /s/ Tom K. Schulte

Tom K. Schulte (Florida Bar No. 1025692)
tschulte@hunton.com
HUNTON ANDREWS KURTH LLP
333 SE 2nd Avenue, Suite 2400
Miami, FL 33131
Telephone: (305) 810-2500
Facsimile: (305) 810-2460

*and*

Shawn G. Hansen (admitted *Pro Hac Vice*)
shansen@nixonpeabody.com
Taylor Pfeifer (Florida Bar No. 1028557)
tpfeifer@nixonpeabody.com

NIXON PEABODY LLP
300 South Grand Avenue, Suite 4100
Los Angeles, CA 90071
Telephone: (213) 629-6000
Facsimile: (213 629-6001

Seth Horvath (admitted *Pro Hac Vice*)
sahorvath@nixonpeabody.com
Matthew Zuziak (admitted *Pro Hac Vice*)
mzuziak@nixonpeabody.com
NIXON PEABODY LLP
70 West Madison, Suite 5200
Chicago, IL 60602
Telephone: (312) 977-4400

Alec Royka (admitted *Pro Hac Vice*)
aroyka@nixonpeabody.com
NIXON PEABODY LLP
677 Broadway, 10th Floor
Albany, NY 12207
Telephone: (518) 427-2650

*Attorneys for Defendants Green Thumb Industries Inc., GTI Florida, LLC, and KSGNF, LLC*

## CERTIFICATE OF SERVICE

I certify that on March 19, 2026, I filed a true and correct copy of the foregoing with the

Clerk of Court via CM/ECF, which will send electronic notice to all counsel and parties of record.

*/s/ Tom K. Schulte*